Davis, J. This was an action of assumpsit brought by appellee to recover the amount of a promissory note claimed to have been executed to him by appellants. The note sued on, and as it appeared when offered in evidence by appellee, is as follows: “ Dollars, 400. “ Champaign, Ill., January 14th, 1882. “ On or before the first of February, 1883, for value received we, or either of us, promise to pay to the order of F. E. Crocker, four hundred dollars at the First Rational Bank of Champaign, with eight per cent, interest per annum from date until paid, if ntf paid at maturity. “ (Signed) G. L. Collins, “ Thomas Barker.” Pleas of the general issue and non est factum sworn to were interposed by appellants. A printed blank note was used by the parties in this case, and the words in the body of the note, “if not paid at maturity ” formed a part of the printed blank, and through these printed words, at some period of time, a single line or scratch had been drawn, with pen and ink as shown above, so as to strike out such words. The effect of striking out these words, was to make the principal sum of four hundred dollars draw interest from January 14, 1882, the date of the note, without reference to the time of payment, while if those words remained in the note as printed, no interest could be recovered if the principal was paid at maturity. Tinder the issues raised by the pleas, it became very important to determine when the printed words “ if not paid at matnrity” were stricken out; if stricken out after the execution of the note and without the consent of appellants, the alteration was material and sufficient to avoid the note. It was not claimed by appellants that the note in suit was not signed by them, but they contended, and so testified as witnesses on the trial, that the words “ if not paid at maturity ” were in the note when they signed and delivered it to appellee, and at that time there was no ink line drawn through them nor were those words stricken or scratched out, nor did appellants ever consent or assent to their being stricken out. On the other hand appellee testified with equal directness and as positively, that the note was the same when he testified as it was when it was delivered to him by appellants, and reads exactly the same as it did then, and that the ink line drawn through the words “ if not paid at maturity ” was there when the note was delivered to him. In addition to the testimony of the three parties who had actual knowledge of the condition of the note when it was delivered, the court below permitted two witnesses to be sworn for appellee and to testify to the jury, as experts, against the objections of appellants repeatedly urged at every j>roper opportunity. One of them, George W. Curtis, testified he had been in the banking business fifteen years and was now in the First Hational Bank of Urbana, and it had been a part of his business to handle commercial paper and study genuineness of notes. He had investigated notes and the handwriting of different parties, and had used a magnifying glass to test handwriting and had found a magnifying glass the best test. He had examined with a magnifying glass the writing and scratch in the note in suit, at the request of appellee’s counsel, about a week before the trial, and in his opinion, the entire Written portion is in the same handwriting •excepting the one scratch through the words “ if not paid at maturity.” The signature of G. L. Collins and the scratch ai'e in the same ink and made at the same time and by the same pen and by the same person. In his opinion the same person who wrote “ G. L. Collins ” to the note, made the scratch, and it was done at the same time the name was written. He admitted on cross-examination he was not an expert in penmanship or handwriting and made no pretensions to being an expert. The other witness, S. T. Bnsey, testified against similar objections of appellants, that he had been in the banking business fifteen years, had handled a considerable number of notes and had experience with handwriting, and in his opinion the stroke through the words in the note “ if not paid at maturity ” was made at the same time and with the same ink as the body of the note was written. In his opinion the same hand that wrote the name “G. L. Collins” wrote the ink line through the words “ if not paid at maturity.” On cross-examination he testified he made up his opinion that the scratch through those words was made at the time the body of the note was written from the way those notes are usually drawn and from the appearance of the note, and acknowledged he was not an expert in handwriting and that the scratclVmay have been made a year after the note was drawn up and he not able to detect it; and there was some guess work in his opinion. The jury found a verdict for appellee for four hundred and fifty-six dollars and for that amount a judgment was rendered by the court, and to reverse this judgment appellants brought this appeal. The principal point raised by the numerous errors assigned is that the court erred in admitting the testimony of the witnesses Curtis and Busey. We will confine our attention to this question, for if their testimony is held inadmissible the judgment must necessarily be reversed. The testimony objected to is nothing more or less than an expression of the opinion of the witnesses as to when a single line or scratch was drawn with pen and ink through five simple printed words. As a rule, the opinions of witnesses are inadmissible as evidence. Witnesses are to testify to facts, and the jury are to draw the inferences and form the opinions which are to govern the case. City of Chicago v. McGiven, 78 Ill. 349. But it is claimed by appellee that the two witnesses whose opinions were given as to when and by whom the scratch in the note was made were experts, and as such, on matters with reference to the genuineness of handwriting and on all subjects of science, skill or long experience in a particular trade or profession, their evidence was properly given to the jury, and he cites 1 Greenleaf on Evidence, Sec. 440; Linn v. Sigsbee, 67 Ill. 75; City of Chicago v. McGiven, supra; Pate v. The People, 3 Gilman, 644, and other cases. In matters with reference to genuineness of handwriting and on all subjects of science, skill or long experience in a particular trade or profession, we can readily seethe propriety in many cases of permitting the opinions of witnesses to be given in evidence to the jury. But we see nothing in the case now before us which would sanction a departure from the general rule that opinions are not competent testimony. The matter about which the witnesses were testifying was not in reference to the genuineness of handwriting, for appellants had conceded, and in fact had testified as witnesses, that they signed their names to the note in controversy, nor was it a question whether there had been alterations and erasures in the note, and other writing substituted which required experts to detect, as in the Pate case, for the erasure in this case was patent and could be seen By the jury as well as by the witnesses. Bor was the matter about which they were testifying a subject of science, skill or long experience in a particular trade or profession; but it was a simple question of fact, as to when the note had been altered by drawing the pen and ink line through the printed words “ if not paid at maturity,” which were originally in the blank note used, and as to when this alteration was made, we think the jury as competent to form a correct conclusion as were the witnesses who were sworn. The only ground shown by the evidence on which these witnesses were permitted to testify by the court as experts, was that Curtis had been in the banking business fifteen years and it had been a part of his business to handle commercial paper and study genuineness of notes; had investigated notes and the handwriting of different parties; had used a magnifying glass to test handwriting, and had examined with a magnifying glass the handwriting in the note; and that Busey had been in the same business the same length of time, and handled a considerable number of notes, and had experience with handwriting. It does not appear to us that such evidence brings these witnesses within the class of experts, or renders their opinions competent evidence to be given to the jury. In the case of Linn v. Sigsbee, cited by appellee, it is held that opinions of witnesses are not competent as evidence when the inquiry is into a subject-matter the nature of which does not require any peculiar habits or study, or scientific knowledge to understand it. Now, in this case, the subject-matter of inquiry was as to when the pen and ink line was drawn through the printed words; “ if not paid at maturity.” Surely this subject-matter of inquiry required no peculiar habits or study, or scientific knowledge to understand it. Permitting these witnesses, therefore, to give their opinions as to when this alteration was made, was a fatal error which we think must reverse the judgment. Jndgment reversed and cause remanded.