# WILLIAM SALLWASSER
## v.
# GEORGE K. HAZLITT & Co.

18   243
57   421

EXPERT TESTIMONY.—The opinion of witnesses possessing peculiar skill is admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance. Expert testimony held admissible to prove the grade of a handsomely illustrated catalogue.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed January 27, 1886.

Mr. JOHN GIBBONS, for appellant; that the evidence was admissible, cited Ward v. Salisbury, 12 Ill. 369; Alexander v. Town of Mt. Sterling, 71 Ill. 367; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Folkes v. Chadd, 3 Doug. 157.

Mr. H. C. BENNETT, for appellees:

WILSON, J.    This was assumpsit brought by appellees against appellant to recover the price of certain illustrated catalogues printed by appellees for appellant.

The declaration contained the common counts, to which the defendant pleaded non assumpsit and a special plea setting up in substance that the plaintiffs contracted to print and furnish to defendant 8,000 copies of an illustrated catalogue, to be in every respect equal to a sample catalogue submitted to them by him at the time of making the contract.    The plea avers that the plaintiffs wholly refused and neglected to furnish defendant with catalogues as per said sample, but instead thereof printed certain catalogues which were materially different from the catalogues ordered by the defendant, and were of such inferior quality and workmanship as to be wholly worthless to the defendant and that the defendant wholly refused to receive them from the plaintiffs, etc.

There was a jury trial resulting in a verdict and judgment for the plaintiffs for $287.25 the agreed price for the catalogues.

It is not entirely clear that the plaintiffs were entitled to recover under the common counts, since the evidence leaves it uncertain whether the contract for furnishing the catalogues was fully executed on their part by delivering or offering to deliver the same to the defendant. But as the judgment must be reversed upon another ground, it is unnecessary to express any opinion since the plaintiffs may, if they think fit, amend their declaration before another trial.

The defendant in support of his special plea called as witnesses several persons who had for many years been engaged in the printing and book making business, by whom he proposed to prove that the paper, ink and presswork of the catalogues printed by the plaintiffs, to recover for which the suit was brought, were inferior in grade and workmanship to the sample which the plaintiffs had contracted to duplicate. This evidence the court refused to admit on the ground that the jury could judge for themselves from inspection. In this ruling we think the court erred.

The testimony offered was that of experts—men who by long experience were skilled in that line of business, and were capable of judging whether the catalogues furnished by the plaintiffs were equal or inferior to the sample, both as to the material and character of the workmanship. The rule on this subject is stated in 1 Smith's Lead. Cas. 286, thus : " The opinion of witnesses possessing peculiar skill is admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance." It is easy to perceive that the persons of whom juries are ordinarily composed would be very unlikely to possess sufficient skill to form a correct judgment as to the grade of a handsomely illustrated book or catalogue. The illustrating of books has become one of the fine arts, an expert knowledge of which is only attainable by long practice and experience. The effect and value of an illustrated book or catalogue depends very much upon

the quality of the paper, the kind of ink, and the character of its typography. Unskilled persons can hardly be expected to judge correctly between different grades. It is to aid the judgment of men who are called upon to decide in such cases that expert testimony is resorted to, and it seems to us quite clear that it was properly admissible in the present case. The only point of contention was as to whether the catalogues furnished were equal to the sample, and on that question the sworn testimony of experts could aid the jury.

It is urged that proof sheets were submitted to the defendant, from time to time, as the work progressed, and were approved by him. But it is matter of common knowledge that only a very inadequate judgment can be formed as to the ultimate appearance of printed matter from proof sheets.

The defendant swears that when the proofs were submitted to him he did not know they were submitted for any purpose except to correct typographical errors, and the evidence tends to show that as soon as he was presented with copies of the completed catalogue, he rejected them as not being such as he contracted for.

For the error of the court in rejecting the expert testimony the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.