## Elizabeth Sebastian v. Joseph Rass.

1. MECHANIC'S LIENS—*Filing Statement a Condition Precedent.*—It is necessary to the maintenance of a suit for a mechanic's lien that the petitioner should have filed with the clerk of the Circuit Court a verified statement of the amount due him. Bennett v. Armknecht, 50 Ill. App. 467; Moore v. Parrish, 50 Ill. App. 263; overruled, Campbell v. Jacobson, 145 Ill. 389.

2. SAME—*Alteration of Statement After Filing.*—Upon the trial of a suit for a mechanic's lien, evidence tending to show that the statement required to be filed had been changed since it was filed, is competent and should be admitted.

3. ALTERATION OF INSTRUMENTS—*Statement in Mechanic's Lien Proceedings.*—It is competent to show that the statement required to be filed under the mechanics' lien law, has been changed since it was filed. If admissible at all, it is so in the condition in which it was originally filed.

4. SAME—*Sufficiency of the Statement.*—A statement under Sec. 4, Ch. 82, R. S., entitled "Liens," which states that "the carpenter work and joiner work above referred to was done, and all materials were furnished for the doing of said work between the 29th day of November, 1892, and the 23d day of May, 1893," is not a sufficient "setting forth the time when such material was furnished or labor performed," under the contract set out in the petition.

5. VARIANCE—*Mechanic's Lien—Petition and Proofs.*—Where a petition for a mechanic's lien alleged that a written contract was made, and on the trial it appeared that the contract was not signed until a year after the suit was commenced, and then by a person whose authority to do so was denied, the petition was dismissed.

Memorandum.—Proceedings for a mechanic's lien; appeal from a decree entered by the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1894. Reversed and petition dismissed. Opinion filed February 12, 1895.

## STATEMENT OF THE CASE.

This was a petition for mechanic's lien.

In the fall of 1892, Elizabeth Sebastian, appellant, being desirous of erecting a building on her property, visited one Joseph Bettinghofer, an architect, stated her ideas concerning the building she wished to erect, and requested him to draw for her certain plans. Specifications having been drawn, Bettinghofer, the architect, requested various contractors to send in bids for the erection of the building. Among the various bids received by Bettinghofer from contractors for the carpenter and wood work upon the building, was one from Joseph Rass, appellee. The estimates of the contractors were submitted by Bettinghofer to Mrs. Sebastian and she accepted Rass' bid, he proposing to do the work in question, according to the plans and specifications, for the sum of $3,000.

. To this point the facts are undisputed, but from here forward they are largely in dispute.

It is urged by the appellee, petitioner below, that at one of the conversations had by Bettinghofer with the defendant, in the fall of 1892, she authorized him to draw up and sign for her, as her agent, a contract with Rass, under the terms and conditions of which Rass was to perform the work and Bettinghofer was to be the final arbiter as to the completion of the building in question in accordance with the terms of the contract, and to certify to Mrs. Sebastian as to the specific performance of the work by Rass, when it had been so completed. This is strenuously denied by the defendant, who claims that she never at any time, under any circumstances, authorized Bettinghofer to sign her name to any contract, or to accept for her or on her behalf the work performed by Rass; but on the contrary, she urges that Bettinghofer was to draw a contract, under which Rass was to do the work, and was to send the same to her at her home for. her approval and signature; that such a contract was never submitted to her for her approval; and that, prior to the beginning of this suit, she never knew or heard of any written contract being in existence.

The disputed question of Bettinghofer's agency to sign Mrs. Sebastian's name to a written contract is one of the questions which this court is called upon to review.

Be that as it may, Bettinghofer did draw a contract dated November 11, 1892; Rass signed it, and early in December of the same year began his work on the building. The building progressed, and from time to time Mrs. Sebastian paid Rass, or had paid to him by the Ætna Building and Loan Association, on her behalf, the sum of $2,000. On or about March 31, 1893, Rass presented to her a certificate from Bettinghofer for $800, and about May 25, 1893, a second certificate, being for $200. Both of these last certificates were O K'd by Bettinghofer, but Mrs. Sebastian declined to pay them on the ground that the building was not erected in accordance with the plans and specifications.

Appellant claims that at the time of the presentation of the final certificate, the building had not been completed in accordance with the plans and specifications, and that in many essential particulars it differed from them; also that Bettinghofer knew that the building had not been completed in accordance with the plans and specifications, and that, regardless of such knowledge, he accepted the same so far as he was personally concerned, and certified to the defendant, Mrs. Sebastian, that the work had been satisfactorily completed by Rass.

Subsequently, on the 23d of June, 1893, a statement of claim for lien was filed with the clerk of the Circuit Court of Cook County, by the solicitor for the complainant, and on the 26th day of June, 1893, a petition for a mechanic's lien was filed in the Superior Court. Answer was duly filed by the defendant in October, 1893. In February, 1894, the case was called for trial, and in April of the same year, a decree was entered therein, substantially sustaining the allegations and granting the prayer of the complainant's petition. To reverse that decree the appellant prosecutes this appeal.

APPELLANT'S BRIEF, WINSTON & MEAGHER, ATTORNEYS.

The statute requires that every creditor or contractor who wishes to avail himself of the provisions of the mechanic's

lien act shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement, or account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit. 3 Starr & Curtis Statutes, Chap. 82, Par. 4.

The mechanic's lien statute is in derogation of the common law, and must be strictly construed. McDonald v. Rosengarten, 35 Ill. App. 71; Seiler v. Schaefer, 40 Ill. App. 776; Belanger v. Hersey, 90 Ill. 70; Noll v. Swineford, 6 Pa. St. 187; Stephens v. Holmes, 64 Ill. 334.

"If the carpenter work and joiner work referred to were done and all materials were furnished for the doing of said work between the 29th day November, 1892, and the 23d day May, 1893," and were not added to the statement of claim for lien, it would be insufficient under the law. McDonald v. Rosengarten, 35 Ill. App. 71; Campbell v. Jacobson, 46 Ill. App. 287.

The single sentence, "The carpenter work and joiner work above referred to was done and all materials were furnished for the doing of said work between the 29th day of November, 1892, and the 23d day of May, 1893," is not sufficient to bring the statement of the claim for lien within the statute, and within the construction of the statute as laid down by this court in the cases hereinabove last cited, and by the Pennsylvania court in Noll v. Swineford, 6 Pa. St. 187.

Arnold Tripp, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

It being necessary to the maintenance of a lien that the petitioner should have filed with the clerk of the Circuit Court a verified statement of the amount due him, etc., appellee alleged in his petition that he filed such statement on the 23d day of June, 1893.

The holdings of this court in Bennett v. Armknecht, 50 Ill. App. 467, and in Moore v. Parrish, 50 Ill. App. 233, that as between an original contractor and the owner the filing of such statement is unnecessary, are overruled by Campbell v. Jacobson, 145 Ill. 389.

Upon the trial the complainant offered a paper as "the sworn statement filed on the 23d day of June, 1893." To the introduction of this, appellant objected for the following reasons:

First. That the statement had added to it an amendment since it was filed.

Second. That the statement as originally filed was not within the law.

Thereupon evidence was heard tending to show that the statement offered was not that filed; that the paper presented had been changed since it was filed.

Among other evidence offered by appellant as to the alteration of this paper was the testimony of one M. D. Ewell, an expert as to handwriting and inks. This the court refused to receive. We think that such evidence should have been admitted. Rice on Evidence, Vol. 1, page 330; Greenleaf on Evidence, Sec. 440; James v. Johnson, 12 Ill. App. 288 (290); Aalewasser v. Hazlitt, 18 Ill. App. 243 (244); Quinsigamond Bank v. Hobbs, 11 Gray 250 (257); Fulton v. Hood et al., 34 Pa. State 365 (370, 371); Reese v. Reese, 90 Pa. State, page 89 (94); Dickinson v. Fitchburg, 13 Gray 555.

The court seems to have been of the impression that the document offered, being a paper filed for record in the office of the clerk of the Circuit Court, the chancery branch of the Superior Court had, in this proceeding, no authority to inquire into the fact of the interpolations and alterations having been made in such statement until it was filed. The document offered purported to be the very instrument that was filed in the office of the clerk of the Circuit Court on the 23d day of June, 1893; if it was not such instrument, if it had since the filing been changed, then it was not, as it appeared, admissible, but could only be received as it was

when filed. A change, made at some time, appearing upon inspection of the document, it was competent for the court, indeed, its duty, when called upon, to ascertain in what condition the instrument was, how it read, in brief, what is the statement that was filed June 23, 1893.

This proceeding being a civil one, in order that the court should reject the paper offered or so much thereof as was necessary to restore it to the condition it was when filed, it was not necessary that the court should be satisfied beyond a reasonable doubt that the document offered in evidence and having the file mark of the clerk of the Circuit Court thereon, had been altered since the filing thereof.

The statement purporting to have been filed with the clerk of the Circuit Court, as admitted in evidence, contained the following as its only setting forth of the time when the work done and materials supplied were furnished :

" The carpenter work and joiner work above referred to was done and all materials were furnished for the doing of said work between the 29th day of November, 1892, and the 23d day of May, 1893."

The statute of this State thereby intended to be complied with, is Sec. 4, Chap. 82, R. S. :

" Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the Circuit Court * * * a just and true statement * * setting forth the time when such material was furnished or labor performed."

The statement filed gives a period of about six months within which materials were furnished and work performed.

All may have been done on the 30th day of November, 1892, or the 22d day of May, 1893.

It is insisted that as the claim here made is upon an alleged contract to do the work and furnish the materials for building, according to plans and specifications, a certain house, the statement is sufficient.

If petitioner was to have a certain sum for building a house, then the house, labor and material would, under such contract, be done and furnished when the contract was complete.

Such a statement as is presented in this case is not, under the contract alleged in the petition, a compliance with the statute. Campbell v. Jacobson, 46 Ill. App. 287; same, 145 Ill. 389; The Associates of the Jersey Co. v. Division, 29 N. J. L. R. 415–421; Noll v. Swineford, 6 Pa. State 187; 2 Jones on Liens, Sec. 1404.

The petition alleges that on the 29th day of November, 1892, petitioner made a written contract with appellant. The contract introduced in evidence was signed " Elizabeth Sebastian, by Joseph Bettinghofer, Agent."

Mrs. Sebastian denies that she ever gave Mr. Bettinghofer any authority to sign her name to the " contract." In view of the testimony of Mr. Bettinghofer that he did not sign the contract before the suit was begun, that it was not signed at that time, but still he " had it in his possession and could sign it any time he wanted to," and that he signed the contract about a week before he testified upon the trial, and also in view of other evidence, we do not think that his authority to sign appellant's name to the contract was established.

The petition alleges that appellant made a written contract on the 29th day of November, 1892; the evidence, according to the testimony given on the petitioner's behalf, is that no written contract was signed by her through Bettinghofer, her agent, until some time in 1894, about a year after this suit was begun; consequently no written contract was made by her until long after this suit was commenced.

For these reasons the decree of the Superior Court is reversed and the petition dismissed.