## JOSEPH RASS

### *v.*

### ELIZABETH SEBASTIAN.

*Filed at Ottawa March 28, 1896.*

1. EXPERTS—*competency of, to show claim for lien was altered.* Testimony of an expert in handwriting and inks is admissible to show that the statement of claim for a mechanic's lien filed with the circuit clerk was altered after filing, by adding a material statement, in ink, thereto.

2. MECHANICS' LIENS—*unauthorized contract by an architect not admissible.* The allegation of a petition for a mechanic's lien that petitioner "entered into a written contract" with the defendant, is not supported by a contract shown to have been signed by the architect after the petition was filed, no authority of the architect to sign such contract being proved.

*Sebastian* v. *Rass,* 57 Ill. App. 417, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ARNOLD TRIPP, for plaintiff in error.

WINSTON & MEAGHER, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This cause arises upon a petition by plaintiff in error, against defendant in error, to enforce a mechanic's lien. In the fall of 1892 Mrs. Sebastian received bids for the erection of a two-story brick and frame building in the city of Chicago, upon plans and specifications drawn by one Joseph Bettinghofer, an architect. The bid of Joseph Rass, proposing to complete the work for the sum of $3000, was accepted. As the building progressed $2000 was paid on the contract price. On or about March 31, 1893, Rass, claiming to have completed the work, presented to Mrs. Sebastian a certificate, signed by the architect, for $800, and about May 25 following, another for $200, which she declined to pay, on the ground that the building was not erected in accordance with the plans and specifications. Subsequently, on the 23d day of June, a statement of claim for lien was filed with the clerk of the circuit court of Cook county, and on the 26th day of June following this petition was filed. Answer was filed by the defendant, and upon a hearing of the cause a decree was entered sustaining the allegations of the petition. That decree was reversed by the Appellate Court, and the cause is brought here on writ of error.

Upon the trial in the Superior Court several defenses were interposed by the defendant. One was, that the statement filed on June 23, 1893, was insufficient. It was objected to on the ground, first, that it had been altered after filing, by adding an amendment thereto; and second, that as originally filed it was not sufficient. Evidence was heard in support of the first objection. The paper offered purported to be the very instrument filed in the clerk's office on June 23. As stated in the opinion of the Appellate Court, if it was not such instrument, but had, since the filing, been changed, then it was not admissible, and could only be received as it was when originally filed. It was conceded by the complainant that had the paper been filed without containing the statement claimed

by the defendant to have been subsequently interpolated, it would have been insufficient, under the statute, to support the petition. The evidence on the question as to whether such alteration was made is very conflicting. We agree with the Appellate Court that the testimony of M. D. Ewell, as an expert in handwriting and inks, should have been admitted, on the hearing.

A further defense insisted upon at the hearing and sustained by the Appellate Court was, that the complainant's petition was not supported by the proof, in that it alleged that the petitioner "entered into a written contract with the said Elizabeth Sebastian" for the work of constructing the building. Her answer denies that there was any such contract between the parties, and denies that any one had authority to make such contract for her. The contract introduced in evidence is signed "Elizabeth Sebastian, by Joseph Bettinghofer, agent." We think it clearly appears from the testimony that there was no such contract as alleged in existence at the time of filing the petition. The evidence shows that it was in fact signed by the architect after the suit was brought, and his authority for so doing is not established by the proof, hence the averment in the petition is unsupported by the proof. We think the Appellate Court also properly decided this point.

The proof failing to establish the alleged contract, the question whether the statement of claim filed, if not changed, would have been sufficient under the contract, becomes unimportant.

A further defense that the building was not completed according to the plans and specifications was also urged upon the hearing, but we deem it unnecessary to discuss that question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*