Christian v. Allee.

---

## Elizabeth W. Christian et al. v. Thaddeus S. Allee et al.

1. MECHANIC'S LIEN—*Suit Must be Brought Within Four Months After the Last Payment is Due.*—Section 7 of the statute in regard to mechanics' liens provides that no contractor shall be allowed to enforce such lien as against or to the prejudice of any other creditor, or incumbrancer or purchaser, unless, within four months after the last payment shall become due and payable, according to the terms of the original contract, he shall either bring suit to enforce his lien therefor, or shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, against the owner, a claim for lien, verified by the affidavit of himself, agent or employe,which shall consist of a brief statement of the contract. the date the same was made, the date fixed therein, or the time implied for completion and for final payment, and the date the same was completed, if completed, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed of conveyance.

2. SAME—*Claim Must be Filed Even When Sole Party Defendant in Interest is the Owner of the Land.*—The filing a claim as provided by the statute, is not merely for the protection of creditors, incumbrancers and purchasers; it is required to be filed even when the sole party defendant in interest is the owner of the land.

3. SAME—*Law Must be Strictly Construed.*—The mechanic's lien statute is in derogation of the common law and must be strictly construed. The party seeking to enforce it must bring himself strictly within the terms of the statute.

4. SAME—*Filing of Claim is a Condition Precedent.*—The filing of a claim in conformity with section 7 of the statute is a condition precedent to the enforcement of the lien.

5. SAME—*Untrue Statement in Claim.*—An untrue statement of a material matter will vitiate the claim. The provision in section 7 of the act of 1895, that no such lien shall be defeated to the proper amount thereof, because of an error or overcharge on the part of any person claiming a lien therefor under this act, unless it shall be shown that such error or overcharge was made with intent to defraud, is intended for the protection of an honest claimant, who, by mistake, but honestly, makes an erroneous statement—not for the protection of a dishonest claimant, who knowingly makes a false statement in relation to a material matter.

**Bill for a Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 13, 1902.

JOHN S. COOPER, attorney for appellants.

FRANCIS T. MURPHY, attorney for appellees; EDWARD C. HIGGINS, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellees, Thaddeus S. Allee and Neil A. Fader, June 23, 1897, filed a bill against Elizabeth W. Christian, Harry W. Christian and others, for a mechanic's lien against certain premises therein described. Fader assigned his claim to Allee. The contracts out of which the controversy arose were substantially as follows:

On October 25, 1894, Charles F. Stewart, one of defendants, was owner in fee of lots 48 and 49, subdivision of part of north one half, etc., Cook county; that Stewart entered into written contract with Fader, one of complainants, for the erection of three stone-front residences; that contract provided that Fader was to do all work as required by specifications, scale, details and drawings as prepared and furnished by Dixon & Brooks, architects, for the sum of $12,000; that payments were to be made to Fader, as work progressed, to the extent of eighty-five per cent. of work done and materials furnished, and remaining fifteen per cent to be paid on completion of work and acceptance by owner; that all work should be fully completed on or about April 30, 1895; that pursuant thereto Fader com-

Christian v. Allee.

menced the erection of the building in the contract described about October 26, 1894; that each of these houses was substantially alike; that the proportionate part of $12,000 to be paid for each of said houses was $4,000; that on or before February 18, 1895, said Charles F. Stewart and wife, by warranty deed dated February 18, 1895, conveyed to Elizabeth W. Christian, one of defendants, the north seventeen feet of lot 49, in subdivision aforesaid; that deed was recorded on February 21, 1895; that thereupon Elizabeth W. Christian and said Fader entered into a contract dated February 18, 1895, which contract recites purchase by said Christian from said Stewart of the north seventeen feet of lot 49; that by said contract said Fader agreed with said Christian that he would finish and complete the building then in progress of construction on said last mentioned premises, in accordance with plans and specifications of architects, and in further accordance with the agreement between Stewart and Fader, for the sum of $3,395, which last contract provided that Mrs. Christian was entitled to all the rights and privileges accruing to owner under contract of October 25, 1894, a copy of which was attached to the contract between Mrs. Christian and Fader.

The master and the court found that January 30, 1896, Fader filed with the clerk of the Circuit Court a statement of his claim for lien, which was duly enrolled by the circuit clerk.    The claim for lien is as follows:

" NEIL A. FADER
vs.
ELIZABETH W. CHRISTIAN and } Claim for Mechanic's Lien.
CHARLES F. STEWART.

The following is a brief statement of the contract, the date the same was made, the date fixed therein or the time implied for completion and for final payment:

On or about the 25th day of October, 1894, the said Charles F. Stewart (who was then the owner of the real estate herein described) entered into a contract in writing dated October 25, 1894, and signed by said Charles F. Stewart and the undersigned claimant.    By the terms of that contract the claimant was to build for the said Stewart a block of three stone residences on the east side of Vernon

avenue, south of Forty-third street, and provide all labor, materials, etc., for the said buildings, and in consideration of same the said Stewart agreed to pay this claimant the sum of $12,000; work was to be commenced on or before the 29th day of October, 1894, and to be completed on or before the 30th day of April, 1895. Afterward on or about February 18, 1895, a further contract in writing, modifying the aforesaid contract, was entered into by and between this claimant and Elizabeth W. Christian and said Charles F. Stewart, which additional contract was in words and figures substantially as follows:

'This memorandum agreement made this 18th day of February, A. D. 1895, between Elizabeth W. Christian, party of the first part, and Neil A. Fader, party of the second part, witnesseth, that in consideration of the party of the first part having this day purchased from Charles F. Stewart the north seventeen (17) feet of lot forty-nine (49), in the subdivision of that part of the north half of the northwest quarter of the northwest quarter of the southeast quarter of section three (3), township 38 north, range 14, east of the third principal meridian, lying west of Vincennes avenue, said party of the second part hereby agrees and covenants with the said party of the first part that he will furnish and complete the building now in process of construction on said premises in accordance with the plans and specifications as prepared by Dixon & Brooks, architects, and in further accordance with an agreement made the 25th day of October, 1894, with Charles F. Stewart for the construction of this and other buildings for the sum of thirty-three hundred and ninety-five dollars ($3,395), and the said party of the second part hereby further agrees with the said party of the first part that she is entitled to all the rights and privileges accruing to the owner under the agreement of October 25, 1894, hereinbefore referred to, a copy of which is hereto attached. Time extended until June 30, 1895.

In witness whereof we have hereunto affixed our signatures this day and date first above written.

To be completed June 30, 1895.

         (Signed)    Neil A. Fader.         [Seal.]
         (Signed)    Elizabeth W. Christian. [Seal.]

I hereby agree to the above contract.

         (Signed)    Chas. P. Stewart.'

By the terms of the said contract, payment was to be made as follows: Eighty-five per cent of the value of the work done and materials furnished from time to time as the work

Christian v. Allee.

progressed, and the remaining fifteen per cent to be paid upon completion of the work and its acceptance by the owner.

This claimant further says that the building erected upon the real estate above described is known as number 4311 Vernon avenue, Chicago, in said county, and that immediately upon the execution of the said contract this claimant proceeded to erect the said building according to the terms thereof, and completed the said building on or about the 13th day of November, 1895.

After the said building was commenced it became apparent that for various reasons the same would not be completed as contemplated in the said contract, and the time was extended from time to time by and at the request of the said owners and not through any fault or neglect of this claimant; that the said building was completed on or about the 13th day of November, 1895, and the said Elizabeth W. Christian then and there accepted the same and took possession thereof, and has ever since remained in such possession; payments were made pursuant to said contract from time to time and after the acceptance of the building as aforesaid, the said parties came to an understanding and settlement as to the balance remaining due and unpaid on account of said contract, and the said Elizabeth W. Christian then and there agreed to pay the same.

This claimant furnished affidavits and statements from time to time to the said owner, showing amounts due subcontractors as required by law, and has fully performed his contract.

The balance due this claimant from said Elizabeth W. Christian and the said Stewart, after allowing all credits on account of said contract is $893.42.

The correct description of the lot to be charged with the lien is as follows: The north seventeen (17) feet of lot 49, in the subdivision of that part of the north half of the northwest quarter of the northwest quarter of the southeast quarter of section 3, township 38 north, range 14, east of the third principal meridian, lying west of Vincennes Ave., in the county of Cook and State of Illinois.

NEIL A. FADER.

STATE OF ILLINOIS, } ss.
County of Cook.

Neil A. Fader, being first duly sworn, deposes and says that he has read the foregoing claim for lien by him subscribed, and knows the contents thereof, and the same is

true in substance and in fact and correctly sets forth a brief statement of the contract, the date the same was made, the date fixed therein or the time implied for completion and for final payment and the date the same was completed, the balance due after allowing all credits, and a correct description of the lot or tract of land to be charged with the lien.                              NEIL A. FADER.

Subscribed and sworn to before me this 28th day of January, A. D. 1896.

[SEAL.]    MAX GUTHMAN, Notary Public."

It is objected that the claim is insufficient. Section 7 of the statute in regard to mechanics' liens provides as follows :

" No contractor shall be allowed to enforce such lien as against or to the prejudice of any other creditor, or incumbrancer or purchaser, unless, within four months after the last payment shall become due and payable, according to the terms of the original contract, he shall either bring suit to enforce his lien therefor, or shall file with the clerk of the Circuit Court of the county in which the building, erection, or other improvement to be charged with the lien is situated, against the owner, a claim for lien, verified by the affidavit of himself, agent or employe, which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein or the time implied for completion and for final payment, and the date the same was completed, if completed, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed of conveyance."

This suit was not brought within the four months mentioned in the statute. The filing a claim as provided by the statute, is not merely for the protection of creditors, incumbrancers and purchasers; it is required to be filed even when the sole party defendant in interest is the owner of the land. Campbell v. Jacobson, 145 Ill. 389, 403–4; Sebastian v. Rass, 57 Ill. App. 417; Ostrander v. Von Tobel, 56 Ib. 381; Brady v. Pearson Lumber Co., 58 Ib. 417.

It has been frequently held that the mechanics' lien statute is in derogation of the common law and must be strictly construed. In O'Brien v. Gooding, 93 Ill. 466, 474, the court say :

" This court has held that the statute in regard to mechanics' liens is in derogation of the common law, and must be construed strictly. The party seeking to enforce it must bring himself strictly within the terms of the statute. It can not be extended to cases not within the language of the statute." See also, May P. & B. Brick Co. v. Gen. Eng. Co., 180 Ill. 535.

The filing a claim in conformity with section 7 of the statute is a condition precedent to the enforcement of a lien. Crandall v. Lyon, 188 Ib. 86.

The statute is so plain in this regard that no room is left for construction. The language of section 7 is, " A claim for lien, verified by the affidavit of himself, agent or employe, which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein, or the time implied for completion and for final payment," etc. The section clearly means that if a time for final payment is fixed by the contract, that time must be stated in the claim of the lien. The contract in the present case is that of October 25, 1894, between Stewart and appellee Fader, except so far as modified by the contract of February 18, 1895. The only modification is that the time for the completion of the building on the premises conveyed by Stewart to Mrs. Christian is fixed at June 30, 1895, instead of April 30, 1895. In all other respects the contract of October 25, 1899, governs. The time for completion and final payment fixed by the contract of October 25, 1894, and stated in the claim is " upon the completion of the work and its acceptance by the owner." The contract also contains the following:

" It is hereby agreed that time is of the essence of this contract, and for each and every day's delay on the part of the parties of the second part to complete the work at the time hereinbefore specified, the parties of the second part shall pay to the party of the first part the sum of $25 per day as liquidated damages."

The following appears in the statement of the claim of lien :

" That immediately upon the execution of the said con-

tract this claimant proceeded to erect the said building according to the terms thereof, and completed the said building on or about the 13th day of November, 1895. After the said building was commenced, it became apparent that, for various reasons, the same would not be completed as contemplated in the said contract, and the time was extended from time to time by and at the request of the said owners, and not through any default or neglect of this claimant; that the said building was completed on or about the 13th day of November, 1895, and the said Elizabeth W. Christian then and there accepted the same and took possession thereof, and has ever since remained in such possession; payments were made pursuant to said contract from time to time, and after the acceptance of the building as aforesaid, the said parties came to an understanding and settlement as to the balance remaining due and unpaid on account of said contract, and the said Elizabeth W. Christian then and there agreed to pay the same."

The provision making the time of completion of the essence of the contract is entirely omitted from the claim; but, apparently to meet that provision, it is stated in the claim that " the time was extended from time to time, by and at the request of said owners." No attempt was made to prove this statement, and it appears from appellant Fader's own testimony that it is false, and that it must have been known to him to be false. These questions and answers occurred in Fader's examination :

Q.   " Was the contract ever extended after June 30th ? "
A.   " Yes, by their breaking their contract with me first, and the lack of money in their not living up to their contract."
Q.   " How was it next extended ? "   A.   " I think that is all that was necessary."

The statement of claim is that the building was completed about November 13, 1895, and that Mrs. Christian then and there accepted and took possession of it. Appellee's claim is for the balance unpaid of the contract price, and the word " completed " as used in the claim is evidently used in the sense of completed according to the contract. Fader, in his testimony, claimed there was a balance due him in accordance with the terms of the con-

tract.   It was not so completed.   The special commissioner found in his report that Mrs. Christian was entitled to credits, for work not done in accordance with the contract, inclusive of $20.25 cash expended by her in repairing defective work, the sum of $74.70, and the court found Mrs. Christian entitled to $80 credit in addition to that allowed by the commissioner.   The latter credits must be presumed to have been on account of unperformed work, as appellees' claim was for work done.   Appellee Fader, in his testimony, does not claim that the building was completed by him in accordance with his contract.

It is true that recovery may be had on substantial performance of such a contract as that in question, deducting from the contract price the cost of completing the work. Keeler v. Herr, 157 Ill. 57; Shepard v. Mills, 173 Ib. 228. But the filing a claim for lien, being intended as notice to persons interested, or who might become so, the statement of the claim should correspond with the facts.   In this case, if a jury had found that there was not a substantial performance of the contract, it is doubtful, to say the least, whether the verdict could rightly be set aside as being contrary to the evidence.

The statement that Mrs. Christian accepted the work is material, in view of the provision in the contract that the final payment was to be made on the completion and acceptance of the work.   The finding of the court, to which no exception was taken by appellee, is conclusive, as we think, against the statement that Mrs. Christian accepted the work.   The court finds that " the items of charges allowed by the special commissioner and the court were matters and items to which there was, at the time of the filing of said claim, and at the time of the filing of such bill herein, an honest dispute between the complainants and the defendant, Elizabeth W. Christian."   The claim was filed January 30, 1896, and if, at that date, there was a dispute between Fader and Mrs. Christian as to whether the contract had been fulfilled by the former, there could not have been an acceptance by Mrs. Christian

November 13, 1895. Fader, in his testimony, did not even claim that Mrs. Christian accepted the work, and her evidence is to the contrary. It was a matter within Fader's knowledge that there were disputes in regard to the work between him and Mrs. Christian, and that she did not, in fact, accept the work. That she went into possession of the building about November 13, 1895, is true, but this was in accordance with notices of date June 23 and July 23, 1895, served on Fader, to the effect that unless he proceeded with the work in accordance with his contract, she would employ men to do the work, and deduct the expense thereof from the contract price. The contract contains the following provisions :

"Fourth. That if the contractor should, at any time during the progress of the work, refuse or neglect to remove and make good any improper work, or to supply materials or workmen to the satisfaction of the said owner, the owner shall have the power to provide materials or workmen, and to remove, finish or make good such work, after one day's notice in writing has been given to the contractor, or left at his house or shop by letter or postal card, and the cost of performing such work, providing materials and making good all damages and paying all expenses resulting from such neglect or refusal, shall be deducted from any amounts due or recoverable as liquidated damages by the contractor under this contract."

" Seventh. That in case of the refusal, neglect or inability of the contractor to carry on his work in accordance with the drawings and specifications as furnished by the architects, and in accordance with these articles of agreement, the proprietor or his agent shall have the power to enter and take possession of the works, together with all material upon the premises; neither shall the contractor be allowed to remove any fixed scaffolds or tackle until there is no further use for the same in completing the work."

The taking possession under these provisions was certainly not an acceptance of the work.

There is no evidence whatever in support of the statement that, after the acceptance of the building, appellee Fader and Mrs. Christian came to an understanding and settlement as to the balance due on account of the con-

Christian v. Allee.

tract, and that Mrs. Christian agreed to pay the same. On the contrary the evidence and the finding of the court above referred to are conclusively against the truth of the statement. Appellees' counsel does not even claim that there was any such understanding or settlement, but contends that the statement that there was such is not required by the statute and is mere surplusage; in other words, that appellee Fader unnecessarily lied. While it is true that matter not required to be stated in a claim for lien may be omitted if other matters inserted comply fully with the statute, and constitute, if true, a valid claim, yet it does not necessarily follow that a false statement of a material matter, which, if true and proved to be so, would entitle the claimant to recover, is to be disregarded. Proof that the parties settled and agreed on the balance due, and that Mrs. Christian agreed to pay such balance, would entitle appellees to recover. The statements that the time for completion of the work was extended after June 30, 1895, by the request of Mrs. Christian, and that Mrs. Christian accepted the work as completed November 13, 1895, are false, and must have been known by Fader to be false when he swore to and filed his claim. The authorities are that an untrue statement of a material matter will vitiate the claim. 1 Jones on Liens, 2d Ed., Sec. 1408; Foster v. Schneider, 2 N. Y. Supp. 375; Kling v. Ry. Cons. Co., etc., 7 Mo. App. 410; Lynch v. Cronan, 6 Gray 531; Gibbs v. Hanchette (Mich.), 51 N. W. Rep. 691; Crandall v. Lyon, 188 Ill. 87.

In the last case the court say :

" The remedy sought by the appellant is purely statutory, and it was therefore essential he should aver in his petition, and prove on the hearing, that he had complied with the statutory condition precedent to his right to enforce the lien."

Section 7 of the act of 1895 requires that a true statement shall be made. The requirement is that the claim shall be verified by the affidavit of the contractor, his agent or employe. Appellee Fader made oath that the claim " is true in substance and in fact." But appellees' counsel relies on this provision in the section :

" No such lien shall be defeated to the proper amount thereof, because of an error or overcharge on the part of any person claiming a lien therefor under this act, unless it shall be shown that such error or overcharge was made with intent to defraud."

Neither the statement in the claim that the time for completion of the work " was extended from time to time by and at the request of the owners," nor the statement therein that Mrs. Christian accepted the work, is included in the word " overcharge." Neither is either of said statements within the meaning of the word " error," as used in the section. The word " error " is used in the sense of mistake. The provision is evidently intended for the protection of an honest claimant, who, by mistake, but honestly, makes an erroneous statement; not for the protection of a dishonest claimant who, knowingly, makes a false statement in relation to a material matter. It is not contemplated by the statute that perjury may be committed with impunity. The commissioner, by his report, allowed appellees for extras. No extras are included in the claim. The statute, section 7, provides :

" An itemized account shall not be necessary, except for extras, where the contract is for all the work, or all of a specific part thereof, at a fixed and agreed price."

This clearly requires the claim to contain an itemized account of extras, if any, to warrant a recovery for them. The decree will be reversed and the cause remanded.