# Lafrentz & Karstens Company, Appellee, v. Thomas J. Cavanagh, Appellant.

## Gen. No. 16,003.

1. ACCORD AND SATISFACTION—*when established.* If a check is offered under such circumstances as amount to a condition that it is to be received in full payment of a demand, an acceptance of the check will satisfy the demand, although the creditor protests at the time that it is not all that is due him, or that he does not accept it in full satisfaction of his claim, provided the amount due is unliquidated or there is a *bona fide* dispute as to how much is due.

2. WORDS AND PHRASES—*"to balance account."* The words "to balance account," of which "to bal. acct." are well known abbreviations, when used by a debtor in connection with the payment of money to a creditor, mean the difference between the debits and credits of an existing unliquidated or disputed account and are equivalent to the phrases "in full payment of account" and "in full payment of account."

3. EVIDENCE—*when expert testimony improper.* Opinions of witnesses may not be received as evidence where all the facts on which such opinions are founded can be ascertained by and made intelligible to the jury.

4. EVIDENCE—*as to what expert testimony competent.* Held, that it was competent to receive expert testimony as to whether or not the words "to bal. acct." were placed on a check at the time of, or subsequent to, the execution of such check.

5. EVIDENCE—*how competency of expert to be determined.* The competency of a witness to express an opinion upon a question requiring expert knowledge is to be determined by the court in the exercise of a sound judicial discretion.

6. INTEREST—*unreasonable and vexatious delay.* Held, that an allowance of interest for an unreasonable and vexatious delay of payment was justified where the jury found that the words "to bal. acct." were written on a check after it was received and cashed by the creditor and after it again came into the possession of the debtor.

Appeal from the Circuit Court of Cook county; the HON. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 13, 1912.

W. A. CUNNEA, for appellant.

RICHARD H. PETERSON, for appellee.

PER CURIAM. This is a suit to recover the value of a quantity of oats sold and delivered, brought by appellee against appellant, and which resulted in a verdict and judgment in the Circuit Court in favor of appellee for $81.88. Appellant appeals to this court.

Appellee claims that on May 8, 1902, it sold and delivered to appellant at his barn, located at 3438 Wallace street, 4130 pounds of oats at 47 cents per bushel, valued at $60.65; that there had been several business transactions between the parties prior and subsequent to the sale in question; that on account of an error of appellee's bookkeeper in posting the books of the firm the item sued for was omitted from the May statement sent to appellant; that some time in June, when the error was discovered, a corrected statement was sent to appellant which included the item in question; that appellant had not, up to the time of the last trial, denied the transaction, but only claimed he had no record of it; and that appellant had not paid for the said oats.

Appellant claimed at the trial that he had never received the goods alleged to have been sold to him, and testified as to the capacity of his oats bin; that he had purchased a few days before the transaction in question a quantity of oats, which, with what was already in the bin, was sufficient to fill it, and that he would have had no place to put the oats alleged to have been sold him by appellee.

The jury, by their verdict, evidently found that the oats were in fact sold by appellee and were received by appellant, and from a careful consideration of the record we are unable to say that the jury were unwarranted in so finding.

During the trial, appellant offered in evidence a check which purported to have been written and signed

by him and sent to appellee in full payment of the disputed debt between them.    The check was as follows:

"Chicago, Ill., Nov. 26th, 1902.
KASPAR & KAREL, Bankers,
523-27 Blue Island Avenue.
"Pay to the order of Lafrentz & Karstens Company
Seventy-eight and 30-100 Dollars..............$78.30
to bal. acct.
        (Signed)            Thomas J. Cavanagh."
This check was endorsed on the back as follows:

"Pay to the order of Corn Exchange National Bank,
Chicago.    Lafrentz & Karstens Company, H. N. Lafrentz, Treasurer."
Also:
"Paid through Chicago Clearing House, December
1st, 1902.    Corn Exchange National Bank."
The principal conflict in the evidence and the main
questions to be considered and determined by this court
arise with respect to this check.

Appellee contends that when this check was received
and collected by it, the words "To bal. acct." were not
written thereon, but were placed there at some subsequent time; and that the amount of the check was credited to the account of appellant as part payment on
the balance of the debt claimed by appellee to be due
it.    Lafrentz also testified for appellee that he had
been a witness in four previous trials of the case and
the check had not been offered in evidence by way of a
defense, nor for any other reason, and that he had not
seen the check from the time it was first sent to him
in 1902 until the last trial in 1909.  Henry Modt, appellee's bookkeeper, was first called as a witness by appellee to testify as to facts concerning the bookkeeping
entries made in regard to the transaction in question.
After the check of November 26th was introduced in
evidence Modt testified, over the objection of appellant, that he had been a bookkeeper for about thirty
years; that he had handled thousands and thousands
of checks, and that in his opinion the words, "To bal.

acct.'' were written later than the body of the check and signature; that he based his opinion upon the apparent difference in ink.

Appellant, on the other hand, testified that he had written the check himself; that everything on the check was in his handwriting; and that the words ''To bal. acct.'' at the lower left hand corner were written thereon when he sent it to appellee.    Walter R. Werner, called as an expert witness on behalf of appellant, testified that he was a paying teller in a bank; that he was acquainted with the appearance of ink on checks as presented, as to whether all of a check was written at the same time or not, and that he was of the opinion that the writing on the face of the check was written by the same person, and the words ''To bal. acct.'' were written at the same time that the other portions of the check were written.

Appellant seeks a reversal of the judgment below on the following grounds:    (1)  That the abbreviations on the check, ''To bal. acct:'' means to balance account, and that the action of appellee, in accepting and using the check reciting that it was to balance an account, the amount of which was in dispute, constituted an accord and satisfaction of the claim, and that appellee cannot subsequently claim that the check was received only as part payment;    (2) that the court erred in admitting expert evidence as to the time when the words, ''To bal. acct.'' were written upon the check; and (3) that the verdict was excessive.

In regard to the first contention, the law is well settled that, if a check is offered under such circumstances as amount to a condition that it is to be received in full payment of the demand, an acceptance of the check will satisfy the demand, although the creditor protests at the time that it is not all that is due him, or that he does not accept it in full satisfaction of his claim.    An acceptance in such a case is an acceptance of the condition, notwithstanding any protest he may make to the

contrary.    It must be shown, of course, that the
amount due is unliquidated, or that there is a *bona fide*
dispute as to how much is due, and if, under such cir-
cumstances, the creditor accepts an amount, claimed
by the debtor to be due, such acceptance constitutes ?
full satisfaction of the claim.    It is not essential that
the creditor actually knew that the amount received by
him was offered in full payment of the disputed claim,
but if the circumstances were such that, as a reasonable
man, he should have so known, it is sufficient.    Snow
v. Griesheimer, 220 Ill. 106; Canton Coal Co. v. Parlin
& Orendorff, 215 Ill. 244; Ostrander v. Scott, 161 Ill.
339.    The words "to balance account," of which "to
bal. acct." are well known abbreviations, when used by
a debtor in connection with the payment of money to a
creditor, mean the difference between the debits and
credits of an existing unliquidated or disputed account
(Loeb v. Keyes, 156 N. Y. 529), and are equivalent to
the phrases "in full payment of account" and "in full
of account."

Two reasons are advanced in support of the second
contention:   (1) because the time when the words "To
bal. acct." were written upon the check was not a proper
subject for expert testimony; and (2) because the wit-
ness had not properly qualified to testify as an expert.
In support of the first reason appellant cites the case
of Collins v. Crocker, 15 Ill. App. 107, wherein the
court, in part, said:   "The testimony objected to is
nothing more or less than an expression of the opinion
of the witnesses as to when a single line or scratch was
drawn with pen and ink through five simple printed
words.    As a rule, the opinions of witnesses are inad-
missible as evidence."  *    *    *   "In this case, the sub-
ject-matter of inquiry was as to when the pen and ink
line was drawn through the printed words, 'if not paid
at maturity.'    Surely this subject-matter of inquiry
required no peculiar habits or study, or scientific
knowledge to understand it.    Permitting these wit-

nesses, therefore, to give their opinions as to when this alteration was made, was a fatal error which we think must reverse the judgment.''

The rule in this state is that the opinions of witnesses may not be received as evidence where all the facts on which such opinions are founded can be ascertained by and made intelligible to the jury. Yarber v. Chicago & Alton Ry. Co., 235 Ill. 589; Ill. Cen. R. R. Co. v. Smith, 208 Ill. 608; City of Chicago v. McGiven, 78 Ill. 347; Linn v. Sigsbee, 67 Ill. 75. The question to be determined at this point is, therefore, whether or not, by an inspection of the check in controversy, the jury were as competent, as was an expert witness, to determine whether the words ''To bal. acct.'' were placed there at the time of, or subsequent to, the execution of the check. The evidence as to the time when the words in question were written on the check is in hopeless conflict. If expert evidence can be introduced which will add something of value to the information already before the jury, we think it should be admitted. The jury will, of course, consider the credibility of expert witnesses, and the weight to be given their testimony, in the same manner as they consider the testimony of non-expert witnesses. The better reason and the weight of authority are against the view expressed in Collins v. Crocker, *supra*. Sebastian v. Rass, 57 Ill. App. 417; affirmed in 160 Ill. 602; Porell v. Cavanaugh, 69 N. H. 364; Fulton v. Hood, 34 Pa. St. 365; see also note in 64 L. R. A. 303, at 310; and Wigmore on Evidence, sec. 2027. The court below properly admitted the evidence in question, and the contention of appellant that the inquiry was not a proper subject for expert testimony cannot be sustained.

Appellant's contention that the witness Modt was not qualified to testify as an expert is untenable. The competency of a witness to express an opinion upon a question requiring expert knowledge is to be deter-

mined by the court in the exercise of a sound judicial discretion.     There was no abuse of such discretion in this case.

We are also unable to sustain appellant's contention that the verdict is excessive.     Whether the delay in payment was unreasonable and vexatious was a question for the jury.  Davis v. Kenaga, 51 Ill. 170; Jassoy v. Horn, 64 Ill. 379.     If the jury found, as they doubtless did, that the words "To bal. acct."were written on the check after it was received and cashed by appellee and after it again came into possession of appellant, they were warranted in finding that the delay in payment was vexatious.

There is no reversible error in.the record, and the judgment will be affirmed.

*Judgment affirmed.*